UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT CLERK'S OFFICE,<br><br>Defendant. | No. 2: 21-cv-00969 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the Sacramento County Superior Court Clerk's Office "and others."  Plaintiff alleges that clerks employed by defendant Sacramento County Superior Court Clerk's Office denied plaintiff access to the court by delaying plaintiff's complaints, delaying court dates, and by destroying legal documents plaintiff mailed to the Superior Court.  As relief, plaintiff seeks money damages.

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."  Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100(1984)); see also Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its agencies).  Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.  See Quern v. Jordan, 440 U.S. 332, 344-45 (1979).  "Accordingly, as a general rule, states (or arms of the state) cannot be sued in federal court for violating § 1983."  Davis v. California, 2005 WL 8176995, at *2 (E.D. Cal. Sept. 8, 2005) "A California Superior Court and its employees are an arm of the state."  Id. (citing Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)).  The Eleventh Amendment likewise, in general, bars suits for damages against state officials in their official capacities, because such a suit is in effect one against the state.  Kentucky v. Graham, 473 U.S. 159 (1985).

For the reasons discussed above, the undersigned finds that plaintiff's claims against defendant Sacramento County Superior Court Clerk's Office are barred by the Eleventh Amendment.  Accordingly, plaintiff's complaint is dismissed with leave to amend.

If plaintiff files an amended complaint naming as defendants, in their individual capacities, deputy clerks employed by the Sacramento County Superior Court Clerk's Office, plaintiff is informed that, "[c]ourt clerks have absolute quasi-judicial immunity from damages for

civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987). Clerk action that is "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" Mullis, 828 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)). In Mullis, a bankruptcy debtor filed an action against the bankruptcy court clerks. Mullis, 828 F.2d at 1390. The plaintiff alleged denial to access of the court after the court clerks refused to accept and file an amended petition in his bankruptcy action. Mullis, 828 F.2d at 1390. The court found that the clerk of court and deputy clerks are the court officials through whom filing cases is done. Id. "Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction." Id.

If plaintiff files an amended complaint naming clerk's office employees as defendants, he shall consider the legal standard set forth above.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rojas969.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT CLERK'S OFFICE,<br><br>        Defendant. | No. 2: 21-cv-00969 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____      Amended Complaint

DATED:

                                            _____
                                            Plaintiff